IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–03232–MSK–KMT

URBAN DRILLING INC., a Kansas corporation,

    Plaintiff,

v.

PATRICK WAYNE WEBB, an individual,
PETERSON ENERGY MANAGEMENT, INCORPORATED, a Colorado corporation,
HIGH TECH TOOLS LLC, a Colorado limited liability company, and
BONANZA CREEK ENERGY, INC., a Delaware corporation,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendant Peterson Energy Management Incorporated's (hereinafter "Peterson Energy") Motion to Dismiss (Doc. No. 13, filed Feb. 1, 2013), Defendant High Tech Tools LLC's (hereinafter "High Tech Tools") Motion to Dismiss (Doc. No. 14, filed Feb. 1, 2013), and Defendant Bonanza Creek Energy, Inc.'s (hereinafter "Bonanza Creek") Motion to Dismiss (Doc. No. 18, filed Feb. 5, 2013).[1]  For the following reasons, the court recommends that the Motions to Dismiss be GRANTED.

---

[1] Defendant Patrick Wayne Webb has joined in High Tech Tools and Peterson Energy's Motions to Dismiss on February 22, 2013, as well as their replies in support thereof.  (Doc. No. 25 & 29.)  The other defendants have also generally joined in each others motions to dismiss and replies in support thereof.  (*See* Doc. Nos. 18, 25, 27, & 30.)

In this case, Plaintiff asserts claims for negligence, negligent hiring and supervision, vicarious liability, and breach of contract arising out of a July 30, 2011 explosion and fire at a gas well in Walden, Colorado. (*See generally* Compl., Doc. No. 1, filed Dec. 11, 2012.) In their Motions to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), because the court lacks subject-matter jurisdiction over Plaintiff's claims. Plaintiff filed a response on February 20, 2013 that confesses Defendants' Motions to Dismiss. (Doc. No. 22.) On February 6, 2013, Bonanza Creek and Peterson Energy filed replies in support of their Motions to Dismiss arguing that Plaintiff's confession of their Motions to Dismiss should be treated as a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) or, alternatively, a request for dismissal under Rule 41(a)(2). (Doc. Nos. 26 & 28.)

On March 18, 2013, Plaintiff filed an Unopposed Motion for Leave to File a Surreply, along with a proposed Surreply that addressed Defendants' arguments in their replies that Plaintiff's confession of the Motions to Dismiss is tantamount to a voluntary dismissal or, alternatively a request for dismissal under Rule 41. (Doc. Nos. 31 & 32.) The court granted Plaintiff's Motion on April 9, 2013 and accepted Plaintiff's Surreply as filed. (*See* Minute Order, Doc. No. 35.) Accordingly, Defendants' Motions to Dismiss are ripe for the court's review and recommendation.

## LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

      A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ANALYSIS

Defendants' Motions to Dismiss argue that Plaintiff's Complaint is properly dismissed because the court lacks diversity jurisdiction over Plaintiff's claims. The court agrees.

Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants. In other words, no defendant can be a citizen from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As the party invoking the federal court's jurisdiction, Plaintiff bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff invokes 28 U.S.C. § 1332(a)(1) as the sole basis for the court's jurisdiction over this matter. (Compl. ¶ 6.) It is undisputed that Peterson Energy is a Colorado corporation.[2] (*Id.* ¶ 3; High Tech Tools Mot. Dismiss, Ex. D; Bonanza Energy Mot. Dismiss, Ex. H.) In addition, Bonanza Energy is a Delaware corporation with a principal place of business in Colorado.

---

[2] In addition, High Tech Tools is a Colorado limited liability company. However, a limited liability company, for purposes of diversity jurisdiction, is a citizen of the states of which its members are citizens. *Hale v. MasterSoft Int'l Pty. Ltd.,* 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000). High Tech Tools has not submitted any evidence as to where its members are domiciled. As such, the court is unable to determine whether High Tech Tools is also a citizen of Colorado.

(Bonanza Energy Mot. Dismiss, ¶ 9; Ex. F.) Thus, for diversity purposes, both Peterson Energy and Bonanza Creek are citizens of Colorado.

Although the Complaint alleges that Plaintiff is a Kansas Corporation (Compl. ¶ 1), Defendants have submitted evidence demonstrating that Plaintiff is incorporated in Colorado. (High Tech Tools Mot. Dismiss, Ex. A; Bonanza Energy, Ex. C–E.) Plaintiff concedes that it is in fact a Colorado corporation. (Resp. at 1.) Thus, Plaintiff is also a citizen of Colorado.

As such, because Plaintiff, Peterson Energy, and Bonanza Creek are all citizens of Colorado for purposes of diversity jurisdiction, there is not complete diversity between all plaintiff and defendants. Accordingly, the court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) to adjudicate this matter.

As a final matter, the court finds that its recommendation that this matter be dismissed for lack of subject-matter jurisdiction moots Defendants' argument that Plaintiff's Response should be construed as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1). However, Defendants also argue, in the alternative, that Plaintiff's response should be deemed a request for dismissal under Fed. R. Civ. P. 41(a)(2), and that, pursuant to that provision, the court should impose certain terms and conditions prior to dismissing this matter.[3] However, Defendants have not submitted any authority from the Tenth Circuit or this District to support their position that a response confessing a motion to dismiss can be construed as a request for dismissal under Fed.

---

[3] These proposed conditions include an award of reasonable attorney's fees and costs incurred in preparing the Motions to Dismiss, either at this time or upon recommencement of this action in federal court, or dismissal of this action with prejudice. (*See* Peterson Energy Reply at 5; Bonanza Creek Reply at 2-3.)

R. Civ. P. 41(a)(2). *See also* D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.")  As such, the court will not construe Plaintiff's Response as a request for dismissal under Fed. R. Civ. P. 41(a)(2) or recommend the imposition of certain terms and conditions on the dismissal of this action.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that Defendant Peterson Energy Management Incorporated's Motion to Dismiss (Doc. No. 13), Defendant High Tech Tools LLC's Motion to Dismiss (Doc. No. 14), and Defendant Bonanza Creek Energy, Inc.'s Motion to Dismiss (Doc. No. 18) be GRANTED and that this action be dismissed without prejudice for lack of subject-matter jurisdiction.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of April, 2013.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge